# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

        v.                                    Case No. 11-CR-259

**SHERITA HARRIS, et al.,**

        **Defendants.**

## ORDER GRANTING MOTION TO SEVER

Sherita Harris ("Harris") was charged on November 15, 2011 along with twelve others in a thirteen count indictment alleging various offenses related to a conspiracy to distribute controlled substances. (Docket No. 1.) Harris was charged only in count twelve with using a telephone on September 27, 2011 to facilitate the attempted possession of a controlled substance, in violation of Title 21, United States Code, Section 843(b). (Docket No. 1 at 12.)

On March 2, 2012, Harris filed a motion for severance. (Docket No. 105.) The government has not responded.

Federal Rule of Criminal Procedure 8(b) states:

> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

"Rule 8 is construed broadly to allow liberal joinder and thereby enhance the efficiency of the judicial system. Rule 8(b) strikes a compromise between each defendant's right to have his own guilt considered separately, and the practical benefit to the government and the court of a

consolidated proceeding." United States v. Cavale, 688 F.2d 1098, 1106 (7th Cir. 1982) (quotation marks and citations omitted). The crimes need not be identical to be properly joined, but conversely, even if a crime is identical, that does not, by itself, form a proper basis for joinder. United States v. Marzano, 160 F.3d 399, 401 (7th Cir. 1998). Rather, "[t]he defendants must be charged with crimes that well up out of the same series of such acts." Id. "A conspiracy charge combined with substantive counts arising out of that conspiracy is a proper basis for joinder under Rule 8(b)." United States v. Williams, 553 F.3d 1073, 1078-79 (7th Cir. 2009) (citing United States v. Stillo, 57 F.3d 553, 557 (7th Cir. 1995)). As this court discussed at length in a recent order granting a motion to sever, in the Seventh Circuit, a court determining whether joinder is proper under Rule 8(b) is limited to the four corners of the indictment. United States v. Jackson, No. 11-CR-151, Docket No. 78 (E.D. Wis. Oct. 21, 2011).

In the present case, there is absolutely nothing in the indictment connecting Harris to the conspiracy alleged in count one. She is not charged in the conspiracy count and there is not even an allegation that conspiracy utilized communications facilities to further its ends. The only apparent relationship to any co-defendant is that two other defendants named in the indictment, Amir Locke and Cedric Greer, are also charged with using a telephone to facilitate the attempted possession of a controlled substance (counts ten and thirteen, respectively). Amir Locke and Cedric Greer, like Harris, are named only in a single count of the indictment and are not alleged to have participated in the conspiracy alleged in count one. But obviously, the fact that defendants are alleged to have committed the same offense around roughly the same time is an insufficient reason to join matters for trial. See Jackson, No. 11-CR-151, Docket No. 78 at 4-5 (citing United States v. Marzano, 160 F.3d 399, 401 (7th Cir. 1998); United States v. Sophie, 900 F.2d 1064, 1083 (7th Cir. 1990)). Therefore, the court shall grant the defendant's motion for severance.

**IT IS THEREFORE ORDERED** that the defendant's motion for severance, (Docket No. 105), is **granted**.

**IT IS FURTHER ORDERED** that the parties shall confer and not later than **April 10, 2012** shall submit a joint letter to the court stating when they will be prepared to proceed to trial. Included in this letter should be a calculation of the deadline by which a trial must commence under the Speedy Trial Act.

Pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and (B)(iv), the court finds that the ends of justice outweigh the best interest of the public and the defendant in a speedy trial. The court makes this finding because, taking into account the exercise of due diligence, the failure to grant such a continuance would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation. The period of time from the date of this order until April 10, 2012 shall be excluded under the Speedy Trial Act.

Your attention is directed to 28 U.S.C. § 636(b)(1)(A) and Fed. R. Crim. P. 59(a) whereby written objections to any order herein or part thereof may be filed within fourteen days of service of this order or prior to the Final Pretrial Conference, whichever is earlier. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal.

Dated at Milwaukee, Wisconsin this 21st day of March, 2012.

AARON E. GOODSTEIN
U.S. Magistrate Judge